**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 06-77-DLB**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**vs.**                       **MEMORANDUM OPINION & ORDER**

**MICHAEL ANTHONY MITCHELL**                                   **DEFENDANT**

*********************************

      This matter is before the Court on the government's notice of intent to seek to admit certain evidence as either background evidence or inextricably intertwined or pursuant to Rule 404(b) (Doc. # 41). More particularly, the government seeks a pre-trial ruling regarding the admissibility, pursuant to FRE 404(b), of a 2006 prior felony drug conviction from Kenton County and the facts underlying that conviction. The government also seeks to admit, as either background, inextricably intertwined, or 404(b) evidence, facts of other drug sales by Defendant to the informant. Finally, the government seeks a pretrial ruling on the admissibility of testimony from the Co-Defendant that she drove Defendant to other drug deals and/or carried drugs for him on other occasions, and observed him carry a gun with him.

      Defendant has objected to the admission of that evidence, arguing that because he did not possess the drugs or gun in this case, admission of his prior conviction and/or other drug transactions to show knowledge or intent is unwarranted and highly prejudicial. (Doc. # 49). More particularly, because of his defense – that he was never in possession of the

1

drugs or the gun – the proffered 404(b) evidence should not be admitted to prove intent. According to Defendant, he "did not possess drugs with intent to distribute them as he never possessed them in the first place." (*Id.*)  Defendant makes the same argument regarding the gun.

Each category of evidence raised in the FRE 404(b) notice will be addressed *seriatim* herein.

## DISCUSSION

### Evidence of Defendant's prior conviction and facts thereof

In its notice, the government seeks to introduce the facts of one of Defendant's prior drug convictions, as well as the conviction itself, during its case-in-chief as evidence of Defendant's intent, opportunity, knowledge, and absence of mistake.  More specifically, the government seeks to introduce evidence that on or about February 2, 2006, Defendant was convicted of Possession of a Controlled Substance in Kenton County Circuit Court, Case Number 05-CR-592.  According to the government, this crime was committed on August 12, 2005 when a search of Defendant incident to a lawful arrest revealed 6.68 grams of cocaine base inside Defendant's pants pocket.  A search of Defendant's vehicle also yielded a digital scale.

As its stated purpose, the United States seeks to introduce that evidence to establish Defendant's intent to distribute the crack cocaine that was found inside the Co-Defendant's brassiere, as well as opportunity, knowledge and absence of mistake.

Federal Rule of Evidence 404(b) provides that although evidence of other crimes or acts is not admissible to prove character, it may "be admissible for other purposes, such

as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Such evidence is admissible under FRE 404(b) if –

> (1) there is sufficient evidence that the other act in question actually occurred, (2) the evidence of the other act is probative of a material issue other than character, and (3) the probative value of the evidence is not substantially outweighed by its potential prejudicial effect.

*United States v. Bartholomew,* 310 F.3d 912, 921-922 (6th Cir. 2002) (citation omitted). Thus, when confronted with 404(b) evidence, district courts are required to determine whether the act sought to be admitted as 404(b) evidence occurred; whether the purpose for admitting the evidence is one of the permissible purposes set forth in FRE 404(b); and whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

The Sixth Circuit has, on several occasions, given district courts guidance in determining the admissibility of prior drug sales/convictions pursuant to FRE 404(b). As stated by the government in its notice, FRE 404(b) is intended as a rule of inclusion rather than one of exclusion, *United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996), and the admission of such evidence has been upheld when the defendant is charged with a specific intent crime, such as is the case herein. *See e.g. United States v. Beamus*, 110 Fed. Appx. 513 (6th Cir. 2004) (*unpublished*) (holding that 1986 and 1996 prior drug convictions were admissible to show specific intent); *United States v. Harris*, 293 F.3d 970 (6th Cir. 2002); *United States v. Lash*, 937 F.2d 1077, 1087 (6th Cir. 1991) (404(b) evidence admissible to prove intent and knowledge)).

Moreover, the Sixth Circuit has stated that the "prior conduct must be reasonably near in time under the facts of the particular case." *United States v. Ismail,* 756 F.2d 1253,

3

1260 (6th Cir. 1985). However, the court has concluded that there is "no absolute maximum number of years that may separate a prior act and the offense charged." *Id.* Additionally, Sixth Circuit cases have in fact affirmed the use of testimony relating to prior acts dating back much further than the approximate ten months in this case.[1] In *Ismail*, the court admitted into evidence testimony relating to events that had happened up to four years earlier. *Id.; see also United States v. Murphy,* No. 90-6400, 1993 WL 15102, at *3-4 (6th Cir. Jan. 26, 1993) (unpublished) (concluding that evidence of prior acts dating back three to four years was admissible under Rule 404(b)).

In this case, the proffered "other act" evidence involves Defendant's August 12, 2005 possession of crack cocaine and a digital scale, and his subsequent conviction on February 2, 2006 of Possession of a Controlled Substance arising out of that conduct. Given the fact that Defendant was convicted of Possession of a Controlled Substance as a result of his August 12, 2005 possession of crack cocaine, it is undisputed that the acts sought to be admitted occurred. Thus, the first prong of the *Bartholomew* three prong test has been satisfied.

The second question which must be addressed pursuant to *Bartholomew,* 310 F.3d at 921-922, is whether the other act evidence is probative of a material issue other than character. Because intent and knowledge are specifically identified as proper purposes for the admission of FRE 404(b) "other act" evidence, the Court answers this question in the affirmative. In this case, Defendant has been charged with a specific intent crime and the

---

[1] According to the Superseding Indictment, Defendant's alleged possession of the drugs and gun occurred on June 1, 2006, less than 10 months after the conduct which gave rise to Defendant's drug conviction in Kenton County Circuit Court.

4

government has identified a very specific act, to wit, Defendant's August 12, 2005 possession of crack cocaine and a digital scale, which it seeks to admit to prove Defendant's knowledge and intent.

Defendant's attempt to preclude admission of this evidence based on his specific defense herein that he never possessed the drugs or gun, and therefore the evidence cannot be used to prove he had the specific intent to distribute, while perhaps novel, has been raised and ejected by the Sixth Circuit. For example, in *United States v. Johnson*, 27 F.3d 1186 (6th Cir. 1994), the defendant did not admit he possessed the cocaine nor did he allege that he possessed the cocaine with some intent other than to distribute, such as for personal consumption. *Id.* at 1192-93. Rather, Johnson denied possession of the cocaine altogether, just as Defendant Mitchell has done so here. *Id.* In rejecting the same argument made by Mitchell herein, the Court stated:

> [R]egardless of Johnson's defense, since the government was obligated to prove not only that Johnson possessed the cocaine, but that he did so with the specific intent to distribute it, the government's evidence of similar acts of possession with intent to distribute was admissible subject to the court's duty to weigh the probative value of the evidence against its prejudicial effect.

*Id.* at 1193.

Similarly and more recently, in its unpublished opinion in *United States v. Alford*, 1999 WL 397946 (June 3, 1999), the Sixth Circuit had another occasion to reject the very same argument. In *Alford*, counsel for the defense contended in his opening statement that Alford had no knowledge of drugs in the car and that the drugs belonged to someone else. The government then sought to introduce the other acts evidence as probative of Alford's knowledge and intent to commit the charged crime of possession with intent to distribute cocaine, arguing that by challenging knowledge and intent in its opening statement, the

5

defense put those elements in issue. Relying on its prior decision in *Johnson*, the Sixth Circuit upheld the admission of the 404(b) evidence, to wit, a subsequent sale of cocaine. Slip. op. at 3. In so concluding, the Court stated:

> Despite Alford's general concession that the amount of cocaine found in his car would be indicative of *anyone's* intent to distribute, Alford's entire defense rests upon the theory that *he* had no specific intent to either possess or distribute the cocaine.

(Emphasis in original).

Defendant's possession of crack cocaine less than 10 months before the alleged instant offense is thus probative on the issue of intent and knowledge to commit the crimes with which he has been charged.[2] Having answered the first two questions in the affirmative, the last inquiry is whether the probative value of such evidence is "substantially outweighed" by the danger of "unfair prejudice."

While the admission of this evidence will be prejudicial to Defendant's case, as is most evidence sought to be admitted during criminal cases, the Court finds that the probative value of such evidence to establish his intent and knowledge is not substantially outweighed by the danger of unfair prejudice. The Court's decision regarding the third *Bartholomew* prong is buttressed by the fact that the government is required to prove as part of its case-in-chief on Count 3 that Defendant has a prior felony conviction.

Once the proffered evidence of Defendant's February 2, 2006 conviction and the facts underlying that conviction are admitted, the Court will give a limiting instruction that the jury will only be permitted to consider such evidence on the issue of intent and

---

[2] Although the government also seeks to admit the 404(b) evidence to prove opportunity and absence of mistake, those named factors do not appear to be at issue in this case and thus, the Court concludes that they are not separate justifications for admitting the 404(b) evidence.

knowledge to commit the crimes and is not to be considered for any other purpose. Thus, any prejudice will be minimized by this cautionary instruction.

### Alleged Background Evidence and/or 404(b) Evidence Regarding Prior Purchases of Drugs from Defendant by Informant and Alleged Prior Gun Possessions by Defendant

According to its Notice (Doc. # 41), the government intends on calling an informant who will testify, if permitted, to several facts including –

- seeing Defendant 3-4 times per week and talking to him approximately 20-25 times in the two months leading up to Defendant's arrest on June 1, 2006;

- observing Defendant exchanging money for drugs;

- having Defendant offer the informant crack cocaine early in their friendship;

- buying crack from Defendant on approximately 3 occasions for $100 for 3 grams (on unspecified days);

- observing Defendant carry a gun during these 3 drug sales; and

- observing Defendant showing him the gun and bragging about what he intended to do with it.

The Court's decision regarding the admissibility of this proffered evidence is not an all-or-nothing proposition, as, for reasons explained herein, some of this evidence is proper background or other admissible evidence, and other delineated portions are 404(b) evidence.

It is well-settled within the Sixth Circuit that "background" or "res gestae" evidence does not implicate Rule 404(b). *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir.2000). "Proper background evidence has a causal, temporal or spatial connection with the charged offense," and includes evidence that is –

      (1)      a prelude to the charged offense,

      (2)      is directly probative of the charged offense,

      (3)      arises from the same events as the charged offense,

      (4)      forms an integral part of a witness's testimony, or

      (5)      completes the story of the charged offense.

*Hardy,* 228 F.3d at 748.

In this case, the Court will permit the informant to testify about how he/she knows Defendant, which would include the fact that he/she saw Defendant 3-4 times per week and talking to him approximately 20-25 times in the two months leading up to Defendant's arrest on June 1, 2006. The informant will also be permitted to testify that he observed Defendant exchanging money for drugs and offering the informant crack cocaine early in their friendship. The Court finds that this evidence is <u>not</u> 404(b) evidence. Rather, it is proper background evidence which is admissible pursuant to *Hardy*. The basis for the informant's knowledge and/or prior friendship with Defendant is certainly evidence which satisfies one or more of the causal, temporal or spatial connections set forth in *Hardy*, and permits the completion of the story.

However, testimony regarding the informant's alleged prior crack purchases from Defendant will not be admitted as background evidence or "res gestae." Rather, such testimony, if it is to be admitted, must fall within the parameters of FRE 404(b). Unlike the evidence of Defendant's August 12, 2005 possession of crack cocaine and his subsequent Kenton County Circuit Court conviction, the evidence of Defendant's alleged prior crack sales is not undisputed. Therefore, the Court cannot determine at this pretrial stage whether the first prong of the *Bartholomew* three prong test has been satisfied regarding

these alleged prior crack sales. The Court will therefore convene a hearing[3], outside the presence of the jury, to hear the proposed testimony and determine whether there is sufficient evidence that the other sales actually occurred. *Bartholomew,* 310 F.3d at 921-922. In the Court's view, the creation of a separate record to ensure that the witness will testify, as anticipated, reduces the potential of any prejudice should the witness deny the other sales occurred. Only after hearing the testimony will the Court be in a position to decide whether the proffered evidence is admissible pursuant to FRE 404(b).

The same holds true for evidence of Defendant's alleged prior possession of a gun on occasions other than June 1, 2006 and during other alleged drug sales. While the government has represented that the informant will testify that he/she observed the Defendant show him a gun and carry a gun during the other crack sales, that evidence is contested, and testimony is necessary before determining the admissibility of such evidence pursuant to FRE 404(b). Finally, although statements made by Defendant to the informant are admissible pursuant to FRE 801(d)(2)(A) as admissions of a party opponent, in view of the characterization provided by the government in its notice, the Court will hear evidence relating to Defendant's alleged statements about what he intended to do with the gun at the pretrial hearing.[4] The Court will hear that same testimony at the hearing to be scheduled on March 27, 2007.

---

[3] This parameters and timing of this hearing will be discussed at the final pretrial conference on March 27, 2007 at 9:30 a.m.

[4] The statement that Defendant "bragged about what he intended to do with it" (Doc. # 41 at p. 4) connotates that Defendant may have made statements to the informant about use of the gun for some other criminal purpose. In view of the Court's prior ruling on Defendant's motion in limine (Doc. # 61), the Court believes a pretrial hearing is necessary to flush out the parameters and admissibility of those statements.

As it relates to potential 404(b) evidence regarding Defendant's alleged prior possession of a gun on occasions other than the date charged in the indictment, the Court recognizes that of the two substantive gun charges (Counts 2 and 3) in the superseding indictment, Count 3, the felon-in-possession count, generally does not require proof of intent.[5]  See *United States v. Jobson*, 102 F.3d 214, 221 (6th Cir. 1996) ("Defendant's intent was also not in issue because the gun possession charge does not require proof of specific intent.").  However, given the government's theory of constructive possession in this case, specific intent is required, and thus, 404(b) evidence would be admissible for purposes of proving that intent.  *See United States v. Newsom*, 452 F.3d 593, 606 (6th Cir. 2006) (the particular theory upon which the government bases its case against Newsom, that of constructive possession, does require specific intent); *see also United States v. Hadley*, 431 F.3d 484, 507 (6th Cir. 2005) (holding that constructive possession exists where one "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.") (citation and quotation marks omitted) (emphasis added).

As was the case in *Newsom*, because the government will be required to prove Mitchell's intent to exercise control over the gun in order to prove constructive possession on Counts 2 and 3, the issue of his intent is material for purposes of FRE 404(b).  Of course, whether the alleged evidence relating to prior gun possessions is ultimately

---

[5] Count 2, the 924(c) count, does require proof that the firearm was possessed in furtherance of the drug trafficking count.  Therefore, some intent is required that the gun be possessed to further or advance the drug offense.

10

deemed admissible will be determined only after hearing the evidence from the informant and consideration of the other *Bartholomew* prongs.

### **Alleged Background and/or 404(b) Evidence from co-defendant Cowart**

The government also indicates that Co-Defendant Cowart will testify at trial regarding the events of June 1, 2006 (day of arrest). The government also avers that Ms. Cowart will testify about other instances wherein Defendant asked her to drive him to drug deals or carry crack for him. Finally, Ms. Cowart will explain that Defendant always carried a gun with him.

Evidence of what occurred on June 1, 2006 requires no 404(b) analysis because such evidence is part of the proof relating to the charges in the superseding indictment. Similarly, and as was the case with the informant, the Court will permit Ms. Cowart to explain how she knows Defendant, which would include the basis for her knowledge and/or relationship with him. Evidence regarding Defendant's prior relationship with Co-Defendant Cowart on or near the time frame alleged in the indictment is not 404(b) evidence. Rather, it is relevant evidence which is inextricably intertwined with evidence of the crimes charged in the indictment.

However, as was the case with the alleged prior crack sales to the informant, prior instances in which Cowart was allegedly asked by Defendant to drive him to drug deals or carry crack for him are not properly characterized as background evidence. Rather, evidence of such instances, if admissible, will need to be analyzed under the aforementioned three prong *Bartholomew* test. Prior to the admissibility of such testimony, the Court must determine if there is sufficient evidence that the prior instances actually occurred.

Finally, evidence that the Defendant always carried a gun with him will be analyzed at trial under either a traditional 404(b) analysis or a FRE 406[6] analysis. The Court does not believe such evidence to be either background evidence or evidence that is inextricably intertwined with the charged conduct. Thus, the Court will need to hear from the co-defendant regarding such evidence before it is admitted.

## CONCLUSION

Accordingly, for the reasons stated herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Pursuant to FRE 404(b) to establish intent and knowledge for committing the offense charged in Count 1, the United States will be permitted at trial to introduce evidence relating to Defendant's August 12, 2005 possession of crack cocaine, and his February 2, 2006 conviction from Kenton County Circuit Court arising out of that possession;

2. A **hearing** regarding other evidence, not otherwise ruled admissible within this Order pursuant to FRE 404(b) or as proper background evidence, will be **scheduled** on March 27, 2007 at 9:30 a.m.

This 19th day of March, 2007.



Signed By:
David L. Bunning
United States District Judge

---

[6] FRE 406 provides, in relevant part: Evidence of the habit of a person..., whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person ... on a particular occasion was in conformity with the habit or routine practice.